s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| THE TOLEDO MEMORIAL PARK AND MAUSOLEUM | : | Case No.: _____ |
| c/o Eastman & Smith, Ltd., | : | |
| P.O. Box 10032 | | Hon. _____ |
| Toledo, OH 43699-0032 | : | |
| | | |
| Plaintiff, | : | **COMPLAINT** |
| | | |
| vs. | : | **(JURY DEMAND ENDORSED HEREON)** |
| | | |
| CITY OF SYLVANIA | : | |
| 6730 Monroe St., | | Linde H. Webb (0012673) |
| Sylvania, OH 43560 | : | Matthew D. Harper (0059192) |
| | | Nicholas W. Bartlett (0100990) |
| Defendant. | : | EASTMAN & SMITH LTD. |
| | | One SeaGate, 27th Floor |
| | : | P.O. Box 10032 |
| | | Toledo, Ohio  43699-0032 |
| | : | Telephone:  (419) 241-6000 |
| | | Fax:  (419) 247-1777 |
| | : | Email:lhwebb@eastmansmith.com |
| | | mdharper@eastmansmith.com |
| | : | nwbartlett@eastmansmith.com |
| | | |
| | : | Attorneys for Plaintiff The Toledo Memorial Park and Mausoleum |
| | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

7072939.4

Plaintiff The Toledo Memorial Park and Mausoleum ("**TMP**") states as follows for its Complaint against Defendant City of Sylvania (the **"City"**):

1. TMP brings this action against the City to recover damages, including without limitation an award of attorney's fees, for the City's violation of its constitutional rights against the taking of property without just compensation. The City has entered onto real property owned by TMP in the course of certain road improvements, but failed and refused to provide TMP just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution as well as Article 1, Section 19 of the Ohio Constitution. Further, TMP has trespassed on TMP's property beyond that to be used in the course of the improvements causing further damages which TMP is entitled to recover.

## I. PARTIES

2. Plaintiff TMP is a nonprofit corporation duly organized and existing under the laws of the state of Ohio, and the owner of real property commonly known as 6382 Monroe St., Sylvania, Lucas County, Ohio 43560 (the **"Property"**).

3. The City is an incorporated municipality located in Lucas County, Ohio. At all times relevant herein, the City engaged in a construction project described further below which was developed, designed, and undertaken exclusively for the benefit of the City, and by the City's agents and employees, or by third parties acting under the authority, and with the approval of, the City.

## II. JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7072939.4

5.      Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391, as the events giving rise to the Plaintiffs' claims occurred, and the subject property is located, within the Northern District of Ohio.

### III.  FACTUAL ALLEGATIONS

6.      TMP was founded on June 5, 1922, over 100 years ago, and is a 501(c)(13) nonprofit organization.

7.      Continuously since 1922, TMP has offered families in Northwest Ohio burial and cremation services at a final resting place of incomparable beauty, service, and attention to detail.

8.      TMP's Property includes more than 380 acres of manicured land featuring meadows, lakes, flowers, and wildlife.

9.      TMP's Property includes four mausoleums featuring chapels, on-site cremation services, and various burial options for individual preferences.

10.     More than 89,000 burials have occurred at TMP's Property.

11.     The façade of TMP's Property includes a beautiful, unique, and historic stone wall marking the edge of the Property along Monroe Street (the "**Wall**"). True and accurate pictures of the Wall are attached hereto as ***Exhibit A*** and it is depicted below:



12.     Utilizing the Wall, TMP provides for those who have served our country either in the Armed Forces or as a First Responder to be eternally remembered at the "Wall of Honor" with individualized plagues mounted adjacent to the Wall and "Tribute Flags" proudly displayed on Memorial Day, Flag Day, Independence Day, Labor Day, Veterans Day, Pearl Harbor Day as shown below:



13.     In approximately 2019, TMP became aware that the City intended to acquire, via eminent domain, a certain portion of the Property in conjunction with a City road construction project near the intersection of Monroe Street and Harroun Road ("**Project**"). TMP further learned that a portion of the Wall would be destroyed by the Project.

14.     Since that time, TMP and the City have engaged in negotiations regarding the extent of the portion of the Property to be taken, the amount of the Wall to be destroyed, the just compensation owed to TMP for (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which would be suffered by TMP as a result of the City's actions and Project.

15.     During these negotiations, on January 19, 2021, the City, through its agent, sent TMP a Notice of Intent to Acquire and Good Faith Offer (**"Notice"**) as required by Ohio Rev.

4

7072939.4

Code § 163.04(A) before the City could commence an eminent domain action. A true and accurate copy of the Notice is attached hereto as ***Exhibit B***.

16.     The Notice states that "[t]he City of Sylvania needs your property for a highway project" and makes an initial offer of compensation. In that regard, the Notice states:

> You will have a minimum of 30 days from the time you receive the Good Faith Offer included with this Notice of Intent to Acquire to accept or reject the offer. We are available to discuss the offer with you at any time. If you reject the offer or we are unable to come to an agreement, *we may have to exercise our eminent domain authority to appropriate your property. This will require a court procedure. In a court proceeding, you may disagree with whether our offer reflects the fair market value of the property*. (Emphasis added.)

(Ex. B, at 2.)

17. The Notice also states:

> If you do not accept this offer, and we cannot come to an agreement on the acquisition of 001-WDV, T, City of Sylvania has the right to file suit to acquire 001-WDV, T by eminent domain in the county in which the property is located. *This action, referred to as an "appropriation proceeding" ensures your rights will be fully protected* while at the same time allowing the construction of the highway project to proceed for the benefit of all. (Emphasis added.)

and that:

> As part of your answer *you may request a trial by jury*. After a trial, a jury will decide the amount you are to be awarded for your property that is acquired, for the damage that is caused by the acquisition, if applicable, and for other damages permitted by law, which could either exceed or be less than our offer. At the trial you may testify and present evidence as to the value of your property. (Emphasis added.)

(Ex. B, at 3, ¶¶ 10 and 13.)

18.     TMP did not accept the City's initial offer and negotiations continued.

5

7072939.4

19.     In 2021, the City notified TMP that it desired to obtain a right of entry onto TMP's Property for purposes of beginning the Project while negotiations continued.

20.     On April 1, 2022, TMP executed a Contract for Right of Entry ("**ROE**"), permitting the City to enter the Property and begin the Project while negotiations continued. A true and accurate copy of the ROE is attached hereto as ***Exhibit C***.

21.     Under the ROE, the City paid TMP the sum of $430,072.00 as "consideration due to [TMP] for granting [the City]" the right to enter the Property to begin the Project. (Ex. C, § 1.)

22.     Exhibit A to the ROE specifically identified the portion of the Property to which the City would have a right of access.

23.     Exhibit B to the ROE specifically identifies certain structures and items which TMP would remove and certain other structures and items which the City would remove. Therein, "TMP reserves all of its rights to obtain compensation and/or damages from the City for any and all items removed by the City." (Ex. C, Ex. B thereto.)

24.     The ROE does not, and does not purport to, fully compensate TMP for the fair market value of the portion of the Property to be taken, damages to the residue of the Property, costs to restore the Wall, or any other damages suffered by TMP as a result of the City's actions or Project.

25.     To the contrary, the ROE merely provides the City with access to the Property for the Project while negotiations continued. Indeed, the ROE provides that:

> 6.     The Parties agree that the above mentioned $430,072.00 shall be credited to and applied against the total purchase price the Parties may negotiate for the sale and purchase of the property described in Exhibit A, and the conveyance and transfer by the [TMP] to [the City].

6

7. The Parties agree that if [the City] acquires the property described in Exhibit A and Exhibit B (if used) by way of an action to appropriate, then the abovementioned $430,072.00 shall be credited to and applied against any amount awarded to the [TMP] in such appropriation action. If the $430,072.00 is greater than the amount awarded to [TMP] in such appropriation action, then [TMP] expressly agrees to refund promptly the difference to [the City].

(Ex. C, §§ 6 and 7.)

26.     The ROE further provides:

5.      [TMP] acknowledges that [the City] has the right to commence an action to appropriate the property described in Exhibit A and Exhibit B (if used) at any time it appears to the [City] that further negotiations with Owner are not warranted.

[The City] and [TMP] acknowledge that the [City] may commence promptly an action to appropriate the property described in Exhibit A and Exhibit B (if used) upon [the City's] receipt from [TMP] of a written notice to commence an action to appropriate.

(Ex. C, § 5.)

27.     As of early 2023, negotiations between TMP and City remained unsuccessful and had stalled.

28.     Given the stalled negotiations, TMP demanded, on March 16, 2023, that the City commence appropriation proceedings, as contemplated under Section 5 of the ROE and as required to take TMP's property by eminent domain. A true and accurate copy of the March 16, 2023 letter is attached hereto as *Exhibit D*.

29.     After receiving no response from the City, TMP again demanded, on May 15, 2023, that the City commence appropriation proceedings. A true and accurate copy of the May 15, 2023 letter is attached hereto as *Exhibit E*.

30.     TMP again received no response from the City.

31.     As of the filing hereof, the City has not commenced appropriation proceedings.

7072939.4

32.     As things stand, the City both refuses to (i) negotiate just compensation owed to TMP or (ii) to initiate appropriation proceedings during which fair and complete compensation owed to TMP would be determined by a jury as required by the Constitutions of the United States and Ohio, as well as R.C. Ch. 163.

33.     All the while, construction of the Project began during which, as promised by the City, portions of the Wall were destroyed. True and accurate pictures of the destruction of portions of the Wall are attached hereto as ***Exhibit F*** and some of the destruction is depicted below:

  

34.     Indeed, the City's contractors have recently destroyed a portion of the Wall *outside* of the Property subject to the ROE, thereby trespassing on TMP's Property.

35.     The City has effectively left TMP in limbo: Active construction is underway which has damaged, and will continue to damage, TMP's Property, yet TMP has not been provided just compensation for (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which would be suffered by TMP as a result of the City's actions and Project.

36.     TMP is thus forced to seek just compensation and other relief in this Court.

7072939.4

## IV.  FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Taking of Property
### Without Just Compensation)

37.    TMP incorporates by reference the allegations of paragraphs 1 through 36 above as if fully rewritten herein.

38.    Per the Fifth and Fourteenth Amendments to the United States Constitution, no private property shall be taken by the government without payment of just compensation.

39.    Further, per Article I, § 19 of the Ohio Constitution:

> Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure, or for the purpose of making or repairing roads, which shall be open to the public, without charge, *a compensation shall be made to the owner, in money*, and in all other cases, where private property shall be taken for public use, *a compensation therefor shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner*. (Emphasis added.)

40.    42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

41.    The City's actions constitute a taking of the Property for which TMP is entitled to just compensation, including (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which have been, and will be suffered by TMP.

9

7072939.4

42.     The City has failed and refused to pay TMP just compensation, including (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which have been, and will be suffered by TMP.

43.     The City has violated, and is continuing to violate, the constitutional rights of TMP enshrined in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 19 of the Ohio Constitution, by taking TMP's Property without paying TMP just compensation, including (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which have been, and will be suffered by TMP.

44.     The City has acted, and is acting, under color of law. The City used its power to violate the constitutional rights of TMP enshrined in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 19 of the Ohio Constitution, by taking TMP's Property without paying TMP just compensation, including (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which have been, and will be suffered by TMP.

45.     As a direct, foreseeable, and/or proximate result of the City's actions and/or inactions, the City is liable under 42 U.S.C. § 1983 to TMP for damages representing just compensation, including (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which have been, and will be suffered by TMP.

7072939.4

## V.  SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1988 – Attorney's Fees)

46.     TMP incorporates by reference the allegations of paragraphs 1 through 45 above as if fully rewritten herein.

47.     42 U.S.C. § 1988(b) provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

48.     TMP brings this action 42 U.S.C. § 1983 to enforce its rights enshrined in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 19 of the Ohio Constitution.

49.     In addition to damages representing just compensation, including (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which have been, and will be suffered by TMP, TMP is entitled to, and hereby demands, an award of its reasonable attorney's fees incurred herein.

## VI.  THIRD CLAIM FOR RELIEF
### (Trespass)

50.     TMP incorporates by reference the allegations of paragraphs 1 through 49 above as if fully rewritten herein.

51.     During the course of the Project, the City, acting through its contractors, have entered onto portions of TMP's Property not subject to the ROE and as to which the City had, and has, no right of access or use.

11

7072939.4

52.     During this unauthorized and illegal entry onto TMP's Property, the City, acting through its contractors, damaged TMP's Property, including without limitation, destruction of a portion of the Wall never made part of the Project nor made subject to the ROE.

53.     The City's actions constitute a trespass and/or a continuing trespass on the Property.

54.     As a direct, foreseeable, and/or proximate result of the City's actions and/or inactions, TMP has suffered, and continues to suffer, damages.

WHEREFORE, Plaintiff The Toledo Memorial Park and Mausoleum prays for judgment against Defendant City of Sylvania as follows:

1.     On its First Claim for Relief, an award of damages, in an amount to be proven at trial, representing just compensation, including (i) the fair market value of the portion of the Property to be taken, (ii) damages to the residue of the Property, (iii) costs to restore the Wall, and (iv) other damages which have been, and will be suffered by TMP;

2.     On its Second Claim for Relief, an award of TMP's reasonable attorney's fees incurred herein;

3.     On its Third Claim for Relief, an award of damages, in an amount to be proven at trial, caused by the City's trespass;

4.     On all Claims for Relief, an award of pre-judgment and/or post-judgment interest, court costs, and litigation expenses; and,

5.     Any and all other relief which the Court deems just and equitable.

7072939.4

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/  *Matthew D. Harper*
Linde H. Webb (0012673)
Matthew D. Harper (0059192)
Nicholas W. Bartlett (0100990)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:  (419) 241-6000
Fax:  (419) 247-1777
Email:  lhwebb@eastmansmith.com
        mdharper@eastmansmith.com
        nwbartlett@eastmansmith.com

Attorneys for Plaintiff
The Toledo Memorial Park and Mausoleum

13

7072939.4

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff The Toledo Memorial Park and Mausoleum demands a trial by jury on all issues so triable herein.

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/  *Matthew D. Harper*
Linde H. Webb (0012673)
Matthew D. Harper (0059192)
Nicholas W. Bartlett (0100990)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:  (419) 241-6000
Fax:  (419) 247-1777
Email:  lhwebb@eastmansmith.com
mdharper@eastmansmith.com
nwbartlett@eastmansmith.com

Attorneys for Plaintiff
The Toledo Memorial Park and Mausoleum

14

7072939.4