IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Toledo Memorial Park and Mausoleum,　　　　　　　Case No. 3:23-cv-01795-JGC

　　　　Plaintiff,

　　v.

City of Sylvania,

　　　　Defendant.

## ORDER

　　　　This is a takings claim under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Article 1, Section 19 of the Ohio Constitution. (Doc. 15, PgID. 130).

　　　　Plaintiff Toledo Memorial Park and Mausoleum (TMP) is a 501(c)(13) nonprofit organization. (Doc. 15, PgID. 131). It owns 380 acres of real property known as 6382 Monroe Street, Sylvania, Lucas County, Ohio 43560 (the Property), on which it operates a cemetery and mausoleum. (Doc. 15, PgID. 130–31).

　　　　Defendant City of Sylvania (the City) is an incorporated municipality in Lucas County, Ohio. (Doc. 23, PgID. 234). Plaintiff alleges that the City has taken a portion of its property by: (1) refusing to pay just compensation for property taken and damages to the residue; (2) entering onto portions of the Property not subject to the Right of Entry; and (3) "continued occupancy of the Property . . . after completion of construction." (Doc. 15, PgID. 138–40).

　　　　Pending is Plaintiff's motion to strike Affirmative Defenses Seven and Eight from Defendant's answer to Plaintiff's first amended complaint. (Doc. 24, PgID. 245).[1]

---

[1] Plaintiff asserts that I have federal-question jurisdiction over this matter under 28 U.S.C. § 1331. (Doc. 15, PgID. 130). At a status conference on October 15, 2024, however, Defendant suggested that this dispute is purely contractual in nature. Nevertheless, Defendant has not moved to dismiss this case for lack of subject-matter jurisdiction. Upon review of Plaintiff's complaint, I conclude that, on its face, the complaint sounds in Fifth

For the reasons that follow, I grant Plaintiff's motion without prejudice.

**Background**

In approximately 2019, TMP became aware that the City intended to undertake a road improvement project on Monroe Street. Doing so would necessitate the City acquiring a portion of the Property. The acquisition would also entail destroying a portion of the commemorative stone wall that runs along Monroe Street to the east and west of the gated entrance to the cemetery. (Doc. 15, PgID. 132).

Negotiations began regarding, inter alia, how much property would be taken, how much of the wall would be destroyed, and what the fair market value would be for the acreage acquired, the damage to the residue of the property, and the cost to restore the wall. (*Id.*)

On January 19, 2021, the City, through West Erie Realty Solutions, sent TMP its Notice of Intent to Acquire and Good Faith Offer for the two parcels needed: a .711-acre temporary construction easement identified as Parcel 001-WDV; and a fee simple interest in a .259-acre parcel identified as 001-T over which TMP reserved its existing rights of ingress and egress. (Doc. 15-2; Doc. 15-3).[2,3]

Ohio law requires that a public entity send such a notice thirty days prior to filing a petition to appropriate property. Section 163.041 of the Ohio Revised Code substantially prescribes the form for the notice. That section requires that a written good faith offer to buy the

---

Amendment takings law. I will therefore exercise jurisdiction over Plaintiff's motion to strike here. Of course, I reach no conclusion regarding the sufficiency of Plaintiff's complaint for purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). And I may dismiss this case for lack of subject-matter jurisdiction if such becomes apparent as the litigation continues. *See* Fed. R. Civ. P. 12(h)(3).

[2] West Erie Realty Solutions is a right-of-way acquisitions firm in Dublin, Ohio, pre-qualified by the Ohio Department of Transportation, which funded the project. (Doc. 23, PgID. 234).

[3] In August 2019, DGL Consulting Engineers, LLC, of Maumee, Ohio, performed a land survey. (Doc. 15-3, PgID. 175, 171). West Erie Realty Solutions based its legal description of the parcels on that survey. (Doc. 15-2, PgID. 150).

property accompany or follow that notice. Here, the Good Faith Offer totaled $430,075 excluding any tenant-owned improvements: $358,020 for the City to acquire the real property and $72,055 for the City to acquire the temporary construction easement. (Doc. 15-2, PgID. 153).

On April 1, 2022, Jeffery Clegg, President/CEO of TMP, and Kevin Aller, the City's Director of Public Service, signed a Contract for Right of Entry (ROE). (Doc. 15-3, PgID. 166–67). That agreement expressly gave the City the right to enter the property to begin construction while TMP and the City "attempt[ed] to negotiate further the sale and purchase of the property described." (*Id.* at PgID. 163).

In a letter dated March 1, 2023, the City refused to consider a settlement greater than its last written offer of $498,000. (Doc. 15-4, PgID. 182). In an email dated March 8, 2023, TMP rejected that offer. (*Id.*) In a letter dated March 16, 2023, TMP exercised its right under the ROE to demand the City begin an action to appropriate the property. (Doc. 15-3, PgID. 164; Doc. 15-4, PgID. 182). In a May 15, 2023 follow-up letter, TMP renewed its demand. (Doc. 15-5, PgID. 184). The City admitted that it did not reply to either letter. (Doc. 23, PgID. 238).

On September 14, 2023, TMP filed its initial complaint. (Doc. 1). After being granted a time extension, the City filed its answer on November 8, 2023. (Doc. 5). On November 29, 2023, TMP filed a motion to strike the City's Seventh and Eighth Affirmative Defenses, alleging that those defenses were insufficient. (Doc. 6; Doc. 7). After Plaintiff amended its complaint, Defendant answered, repeating its Seventh and Eighth Affirmative Defenses. (Doc. 23, PgID. 243). Plaintiff again moved to strike those two defenses. (Doc. 24; Doc. 24-1).

**Legal Standard**

Federal Rule of Civil Procedure 12(f) governs the procedure for a motion to strike:

3

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

The primary function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). A motion to strike under Rule 12(f) is the appropriate means to challenge the sufficiency of an affirmative defense. Furthermore, an affirmative defense purporting to show that no damage or injury has occurred is not an affirmative defense; it simply points to defects in the plaintiff's case. *See United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1499 (S.D. Ohio 1991) (concluding that the defendant's assertion that it did not cause the harm alleged in the complaint was merely a denial of an element of the plaintiff's case, not an affirmative defense).

**Discussion**

Defendant's Seventh Affirmative Defense states, inter alia, that "Plaintiff has no claim for a constitutional injury because . . . Defendant has not failed to provide just compensation for the taking." (Doc. 23, PgID. 243). Defendant's Eighth Affirmative Defense states that "Plaintiff lacks standing, and the Court lacks jurisdiction to hear the claims, because Plaintiff has suffered no actual or imminent injury in that Plaintiff has been paid full, complete and just compensation." (*Id.*)

But in stating that no injury has taken place, the Seventh and Eighth Affirmative Defenses are insufficient in that they merely reiterate defects in Plaintiff's case. *See Brent v.*

4

*Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 701 (6th Cir. 2018) ("Asserting that plaintiffs have failed to state a claim under Michigan law is not an affirmative defense . . . ."). They do not qualify as affirmative defenses, whose job is to "raise[] matters extraneous to the plaintiff's *prima facie* case." *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986); *Navarro v. Proctor & Gamble Co.*, 515 F. Supp. 3d 718, 775 (S.D. Ohio 2021) ("An affirmative defense is an 'assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" (quoting *Starnes Fam. Off., LLC v. McCullar*, 765 F. Supp. 2d 1036, 1048 (W.D. Tenn. 2011)). Of course, Defendant may continue to argue these same alleged defects in Plaintiff's case as the litigation proceeds. But Defendant may not plead these defects as affirmative defenses.

Not only are the Seventh and Eighth Affirmative Defenses insufficient, but they are also redundant. Rule 12(f) allows a court to strike redundant material in a pleading, i.e., any allegations that are needlessly duplicative or repetitive. *See Mockeridge v. Alcona Cnty.*, 599 F. Supp. 3d 561, 571 (E.D. Mich. 2022) (striking the defendants' "good faith" immunity defense because it duplicated their qualified immunity defense). Here, in both affirmative defenses, Defendant states that it has paid just compensation. Indeed, this is an often-repeated assertion in Defendant's answer. (Doc. 23, PgID. 233, 235, 237–39). Those statements suffice to put the matter at issue. Due to their redundancy, the Seventh and Eighth Affirmative Defenses merely confuse the issues in this case.

Because Defendant's Seventh and Eighth Affirmative Defenses are both insufficient and redundant, I grant Plaintiff's motion to strike without prejudice.

## Conclusion

For the foregoing reasons, it is hereby ORDERED THAT Plaintiff's motion to strike (Doc. 24) be, and the same hereby is, granted without prejudice.

SO ORDERED.

Date: 12/2/2024 　　　　　　　　　　　　　　　　　　　*/s/ James G. Carr*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sr. U.S. District Judge